STEPHEN G. CHANDLER, SBN 114699
Law Offices of STEPHEN G. CHANDLER
Best Building
1330 East 14th Street
San Leandro, CA 94577-475
510/483-3900
Fax: 510/483-0118

Attorney for RORY McHALE, Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY McHALE, | NO. C-03-1128 CRB |
| Plaintiff, | **OPPOSITION TO MOTION FOR FEES**; **DECLARATION OF STEPHEN G. CHANDLER; ENFORCEMENT OF SETTLEMENT; REQUEST FOR FEES** |
| v. | |
| ANNE Q. ENOS and C AND R HEATING, INC., | Date: August 20, 2004 |
| Defendants. | Time: 10 am |
| _____/ | Courtroom: Judge Breyer |
| Related Cross-Actions | |
| _____/ | |

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. STATEMENT OF FACTS

This case was settled on March 16th, 2004. A true and correct copy of the settlement agreement entitled "Interim Settlement Agreement" is attached to the Declaration of Tammy Brown as Exhibit "A". The parties to this agreement were Ann Enos and Rory McHale. C & R Heating, Inc. was not a party to this case and was engaged in its own bankruptcy proceeding. When filing the instant motion, Ann Enos now reveals that the bankruptcy case against C & R

1   Heating, Inc. was dismissed.  Neither the moving party, C & R Heating, Inc. nor her attorney has
2   provided this bankruptcy dismissal information before making the instant motion.
3        As can be seen from the Interim Agreement, C & R Heating was not a party but furnished
4   several pieces of equipment for a release of plaintiff's claims against C & R Heating, Inc.  The
5   real problem here is that Ms. Enos refuses to pay the $8,000 called for under the Interim
6   Agreement, refuses to sign any of the several agreements prepared by her attorney and refuses to
7   now sign the mutual release on behalf of C & R Heating, Inc.   Tammy Brown admits in Ms.
8   Enos' moving papers of having possession of at least two original signed formal agreements she
9   prepared herself.  Why can't Ms. Enos sign either agreement and send it to plaintiff's counsel as
10  required by paragraph 3 of the Interim Agreement.  C & R Heating, Inc. partially performed its
11  obligations by transfering four vacuum cleaners to plaintiff.  Although the vacuum cleaners were
12  not delivered timely, plaintiff raises no issue in connection with that slight breach.  The Interim
13  Agreement clearly provides for Ms. Enos to pay plaintiff $8,000.00 "within 90 days of the
14  execution of a final settlement agreement".   Ms. Enos was supposed to sign the agreement,
15  prepared by her own counsel, and return it to plaintiff within 5 days of receiving it.  See
16  paragraph 3 of the Interim Settlement Agreement.  She failed to do so.  This breach is not slight
17  and has damaged plaintiff who is still awaiting payment.  The Interim Agreement clearly
18  specifies that "Defendant shall release Plaintiff and **cause C & R to release Plaintiff** from all
19  liability arising from his action concerning such account."  See paragraph 2 of the Interim
20  Agreement.  Plaintiff has been and still is prepared to release defendant and C & R but merely
21  wants to be paid before filing a full satisfaction of judgment based upon partial payment.
22  Plaintiff and his counsel have signed and sent defendants' counsel at least two written
23  agreements as required by the interim agreement.  Plaintiff still insists on being released by C &
24  R Heating, Inc.  Enos refuses to sign even a single agreement on behalf of herself or C & R even
25  though the agreements were prepared by her own attorney Ms. Tammy Brown.  Ms Enos refuses

to provide a date she will make payment.  Neither Ms. Enos nor her counsel have tendered the required $8,000 payment owed to plaintiff.  **The Interim Agreement allows attorney fees to enforce the agreement, not to dodge it.**  The current motion by Ms. Enos is obviously a bad faith action to prevent enforcement of another of her many broken promises. Accordingly, it has become obvious that a Judgment against Ann Enos for $8,000.00 plus attorney fees and costs is needed in order to enforce the Stipulation between the parties.  Tammy Brown refuses, in bad faith, to admit that Ms. Enos agreed in the Interim Agreement to cause C & R Heating, Inc. to release plaintiff.  See the declaration of Tammy Brown at paragraphs 4 and 5 and the Interim Agreement at paragraph 2.  Why is Tammy Brown trying to deceive the court as to the clearly written obligations agreed upon by Ms. Enos contained in paragraph 2?  The Interim Agreement was jointly prepared by Ms. Brown, plaintiff's counsel and the mediator.  Plaintiff requests that the court order judgment in conformance with the Interim Agreement attached as Exhibit A to the Declaration of Tammy Brown in Support of Ann Enos's Motion to Enforce the Settlement Agreement.  Plaintiff further requests the award of $2,000 in attorney fees and expenses incurred by plaintiff in seeking enforcement of the Interim Agreement.  Proof of Ms. Enos breach is seen in her own declaration filed with the court when she infers she won't cause C & R to release plaintiff as she agreed in the Interim Agreement.  See paragraph 7 of her declaration, which only professes inability to cause C & R to release plaintiff while the matter was pending in bankruptcy court.  Now, by their own admissions, there is no bankruptcy and no reason why Ms. Enos can not cause her wholly owned corporation to release plaintiff.   What does Ms. Enos really have up her sleeve?

### B.  STATEMENT OF LAW

The Federal Appeal and this District Court case have been dismissed, although the Court has retained jurisdiction to enter a Judgment in conformance with CCP Section 664.6.  Pursuant to CCP Section 664.6, "If the parties to pending litigation stipulate, in a writing signed by the

parties outside the presence of the Court or orally before the Court, for settlement of the case, or part thereof, the Court, upon motion, may enter Judgment pursuant to the terms of the settlement. If requested by the parties, the Court may retain jurisdiction over the parties to enforce the settlement to performance and follow the terms of settlement.  Plaintiff requests that the court enter judgment in conformance with the settlement agreement and order Ann Enos to pay plaintiff the $8,000 plus interest from April 6, 2004 at 10% per annum.

DATED:  July 28, 2004

```
                                    _____
                                    STEPHEN G. CHANDLER,
                                    Attorney for Plaintiff RORY McHALE
```

**DECLARATION OF STEPHEN G. CHANDLER**

I, STEPHEN G. CHANDLER, declare:

1. I am an attorney duly licensed to practice law in the State of California, and I am making this Declaration in support of Plaintiff's agreement for an order confirming the Interim Agreement as a Judgment pursuant to the court's reservation of jurisdiction to compel enforcement of the Interim Agreement, a copy of which is attached the Declaration of Tammy Brown as Exhibit "A".  I am opposing the request for attorney fees on behalf of plaintiff and making a counter request, on behalf of Mr. McHale, for an award of $2,000 incurred in the time spent enforcing the settlement by the Court pursuant to CCP Section 664.6.  If called as a witness I could competently testify to the matters set forth herein as being of my own personal knowledge.

2. The first time I learned that C & R Heating, Inc.'s bankruptcy petition was dismissed is when I read the moving papers and declarations in connection with this motion.  On

or about March 26, 2004, Tammy Brown lodged a copy of the Settlement Agreement she prepared confirming the "formal agreement" that had to be prepared following the signing of the interim agreement. Tammy Brown lodged a copy of this Agreement she prepared on or about March 26, 2004, with the Court. It was attached to Ms. Enos' last Case Management Statement. Rory McHale and his counsel signed it in March and subsequently sent it to Tammy Brown. Ms. Brown has that agreement with the original signatures of Rory McHale and myself in her possession. I have not received any "Formal" agreement signed by Ann Enos, even on a form prepared by her counsel such as the one Ms. Brown lodged with the court. Mr. McHale and myself are prepared to perform all obligations under that formal agreement prepared by Tammy Brown and signed by us. Several months ago and without revealing the recent bankruptcy dismissal to me, Ms. Brown started to ask for additional new concessions on behalf of C & R Heating, Inc. that were not previously agreed upon. I insisted that Mr. McHale and I receive payment before we filed a full satisfaction of judgment based upon a partial payment and I reminded her that I needed a release from C & R and that Ann Enos, as president of C & R, previously agreed to sign. My client and I signed and sent Ms. Brown a second formal agreement she prepared. I asked for a signature line for C & R Heating, Inc., and in violation of paragraph 2 of the Interim Agreement, Ms. Brown and her client refuse to sign a release by C & R Heating in favor of Mr. McHale. Ms. Brown holds at least three agreements we've signed. I only have my copy of the Interim Agreement and Ms. Enos continues to refuse to provide her and C & R's release within the time perimeters set forth in paragraph 3 of the Interim Agreement. I have incurred at least 10 hours on handling this matter by unsucessfully trying to get paid, unsuccessfully trying to get signed releases, responding to Ann Enos' motion and preparing this opposition and agreement. I charge $200 per hour. I declare under penalty of

1  perjury that the foregoing is true and correct.  Executed this 28th day of July, 2004 at San

2  Leandro, CA.

3      Dated:  July 28, 2004                        _____

                                                                   STEPHEN G. CHANDLER,
                                                                   Attorney for Plaintiff