IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY MCHALE, | No. C-03-01128 CRB (EDL) |
| Plaintiff, | **REPORT AND RECOMMENDATION RE: DEFENDANT'S MOTION TO ENFORCE SETTLEMENT** |
| v. | |
| ANN ENOS, | |
| Defendant. | |

In March 2004, the parties mediated this matter and signed an interim settlement agreement. See Declaration of Tammy Brown ("Brown Decl.") Ex. A. Subsequently, the parties exchanged several drafts of the final settlement agreement, but were unable to agree on the terms. See, e.g., Reply Declaration of Tammy Brown ("Brown Reply Decl.") Ex. H, I. After Defendant's July 9, 2004 Motion to Enforce Settlement was fully briefed, and after a August 20, 2004 hearing with Judge Breyer, the parties signed a final settlement agreement. See Supplemental Declaration of Tammy Brown ("Brown Supp. Decl.") Ex. L. The remaining issue raised by the Motion to Enforce Settlement is Defendant's request that the Court enforce the attorney's fees provisions contained in the agreements. See Brown Decl. Ex. A ¶ 4; Brown Supp. Decl. Ex. L ¶ 10. Because this matter is appropriate for decision without oral argument, the September 21, 2004 hearing date for the Motion to Enforce Settlement was vacated. See Sept. 16, 2004 Order.

Enforcement of a settlement agreement is "more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994). A district court lacks jurisdiction to enforce a settlement agreement following a dismissal of the action unless the district judge either: (1) expressly in the dismissal order, retains jurisdiction

1  over the settlement agreement; or (2) incorporates the terms of the settlement agreement in the dismissal
2  order.  See Kokkonen, 511 U.S. at 381.  Under those circumstances, a breach of the agreement would be
3  a violation of a court order and the district court would have ancillary jurisdiction to enforce the agreement.
4  See id.  Absent those circumstances, however, remedying any breach of the settlement agreement requires
5  initiation of a new lawsuit to enforce the contract.

6　　　Here, the conditional dismissal order issued on March 29, 2004 neither expressly retained
7  jurisdiction over the settlement agreement nor incorporated the terms of the settlement into the order.  See
8  generally Hagestad v. Tragesser, 49 F.3d 1430 (9th Cir. 1995) (holding that the district court lacked
9  jurisdiction to enforce settlement in a case in which the judge issued a conditional dismissal but did not
10 expressly retain jurisdiction and did not incorporate the terms of the settlement into the dismissal, even
11 though the judge orally indicated that he intended to oversee the settlement).  Therefore, because the Court
12 is without jurisdiction to enforce the settlement agreement, it is recommended that Defendant's Motion to
13 Enforce Settlement be denied.  It appears that Defendant has a fee claim under the settlement agreements,
14 but that claim would have to be brought as a breach of contract claim in a separate lawsuit.

15　　　Any party may serve and file specific written objections to this recommendation within ten (10)
16 working days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil
17 Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the
18 district court's order.

19 Dated: October 29, 2004　　　　　　　　　　　/electronic signature authorized/
　　　　　　　　　　　　　　　　　　　　　　　　ELIZABETH D. LAPORTE
20　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge